UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL JOHNSON, #561762,

    Petitioner,

v.                                                                            CASE NO. 2:18-CV-12433
                                                                            HONORABLE SEAN F. COX

CATHERINE BAUMAN,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE,
DIRECTING THAT THE HABEAS PETITION BE FILED IN A PRIOR CASE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

    Michigan prisoner Darryl Johnson ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. In his pleadings, he challenges his Wayne County Circuit Court convictions for assault with intent to murder, felon in possession of a firearm, carrying a concealed weapon, and possession of a firearm during the commission of a felony for which he was sentenced as a habitual offender to concurrent terms of 30 to 50 years imprisonment, 20 to 40 years imprisonment, and 15 to 30 years imprisonment, and a consecutive term of two years imprisonment in 2011.

    Petitioner, however, has already filed a federal habeas action challenging the same convictions and sentences which is pending in federal court. *See Johnson v. Rivard*, Case No. 2:13-CV-13080 (E.D. Mich.) (Steeh, J.). In that case, Judge Steeh stayed and administratively closed the case so that Petitioner could return to the state courts to exhaust state remedies as to additional claims. Petitioner was instructed to move to re-open that case to proceed on an amended petition

upon completion of his state court remedies. On July 24, 2018, the Court granted Petitioner's motion to reopen the case and instructed him to file an amended habeas petition within 30 days. Petitioner signed the instant petition (without a case number) on July 29, 2018 and it was filed as a new habeas case by the Court on August 6, 2018.

The instant action must be dismissed as duplicative and/or successive to his stayed and recently reopened habeas case. *See, e.g., Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006) *Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss habeas petition as duplicative of pending habeas petition when second petition is essentially same as first petition). Petitioner's pleadings should be submitted in his previously-filed case before Judge Steeh. Petitioner may not challenge the same convictions in two different habeas actions. Accordingly, the Court **DISMISSES** this case without prejudice. The Court **DIRECTS** the Clerk's Office to re-file the instant petition, which seems to be Petitioner's attempt to file an amended habeas petition, in Case No. 2:13-CV-13080 for further consideration. The Court makes no determination as to the merits of the petition. This case is closed.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S.

473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as any appeal from this non-prejudicial dismissal would be frivolous and cannot be take in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.

Dated: August 28, 2018                            s/Sean F. Cox
                                                               Sean F. Cox
                                                               U. S. District Judge

I hereby certify that on August 28, 2018, the foregoing document was served on counsel of record via electronic means and upon Darryl Johnson via First Class mail at the address below:

Darryl Johnson
561762
ALGER MAXIMUM CORRECTIONAL FACILITY
N6141 INDUSTRIAL PARK DRIVE
MUNISING, MI 49862

                                                                    s/J. McCoy
                                                                    Case Manager